UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROIN CHRISTOPHER RICHARD, JR | CIVIL ACTION |
| VERSUS | NO: 20-580 |
| WEBER MARINE, LLC | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 26)** filed by Plaintiff, Roin Christopher Richard, Jr., and an opposition thereto (Rec. Doc. 34) filed by Defendant, Weber Marine, LLC. Having considered the motion, legal memoranda, record, and applicable law, the Court finds that Plaintiff's *Motion for Partial Summary Judgment* should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On March 26, 2019, the M/V *Miss Rachel* was struck by a runaway barge that had come unmoored. Defendant owned and operated the M/V *Miss Rachel* and employed Plaintiff to operate the vessel. At the time of the allision, Plaintiff alleges that he was lying in a bunk on the M/V *Miss Rachel* while serving as a member of the crew. Plaintiff alleges that, as a result of the allision, he received injuries to his back, neck, and right wrist and suffers from post-traumatic stress disorder. Plaintiff did not complain of any injury at the time of the allision, nor did he advise Defendant of any injury before his shift ended on March 29, 2019.

Less than two weeks after the incident, Plaintiff sought employment with Intracoastal Tug and Barge Company, LLC ("Intratug"). On April 8, 2019, Plaintiff denied that he had any prior injuries to his back, neck, wrist, or hand in his pre-employment physical. On May 1, 2019, Plaintiff was fired by Intratug for an unknown reason. After being fired by Intratug, Plaintiff applied to work for Central Boat Rentals. On May 10, 2019, during his pre-employment physical, Plaintiff again denied having any prior injuries to his back, neck, wrist, or hand. Before being hired by Central Boat Rentals, Plaintiff returned to work for Defendant between May 15 and May 17, 2019 and did not mention any injury or inability to work. On June 11, 2019, Bourgeois Medical Clinic informed Central Boat Rentals that Plaintiff was not cleared for employment due to a protrusion in the C5 and C6 vertebrae in his cervical spine and high blood pressure.

After being denied employment by Central Boat Rentals, Plaintiff began receiving treatment from LA Health Solutions. On January 23, 2020, about six months after Plaintiff began receiving treatment, Plaintiff sent Defendant a letter demanding maintenance and cure along with medical records documenting his injuries and resulting inability to work. In response to its receipt of Plaintiff's letter, Defendant began its investigation of Plaintiff's claims by requesting medical records, medical authorizations, employment records, and independent medical evaluations of Plaintiff's condition.

On February 2, 2020, Plaintiff filed the instant action. Although there was initially some dispute regarding whether Plaintiff's counsel would allow any

independent medical examinations, the parties reached an agreement to allow Defendant to conduct independent medical examinations on June 19, 2020. Of Defendant's three independent medical examinations of Plaintiff, only one report has been completed thus far. In addition, Defendant's investigation led to the discovery that Plaintiff was involved in an undisclosed automobile accident in 2017, which caused Plaintiff to receive treatment for back and neck pain resulting from that accident.

On September 3, 2020, Plaintiff filed the instant Partial Motion for Summary Judgment. Plaintiff asks the Court to find that Defendant owes Plaintiff maintenance and cure as a matter of law. Plaintiff also asks the Court to find that Defendant arbitrarily and capriciously withheld maintenance and cure from Plaintiff, which would entitle Plaintiff to punitive damages and attorney's fees.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but

a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

## DISCUSSION

An employer in a contractual relationship with a seaman owes a duty to pay maintenance and cure for injuries suffered in the course of the seaman's service to the vessel. *Pelotto v. L &N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979). "Maintenance is a daily stipend for living expenses, whereas cure is the payment of medical expenses." *Meche v. Doucet*, 777 F.3d 237, 244 (5th Cir. 2015) (internal quotations and citations omitted). To recover on a maintenance and cure claim, the plaintiff is only required to establish that he was injured while "subject to the call of duty as a seaman." *Aguilar v. Standard Oil Co. of N.J.*, 318 U.S. 724, 732 (1943). The employer is also liable for pre-existing conditions that manifest during the voyage. *Jauch v. Nautical Services, Inc.*, 470 F.3d 207, 212 (5th Cir. 2006). Any doubts regarding whether a seaman is entitled to cure are resolved in favor of the seaman. *Vaughan v. Atkinson*, 369 U.S. 527, 532 (1962). However, when a seaman demands maintenance and cure, the employer is entitled to conduct a reasonable investigation of the claim. *Boudreaux v. Transocean Deepwater, Inc.*, 721 F.3d 723, 728 (5th Cir. 2013); *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005).

When deciding whether to grant summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. In this case, several

facts support denying Plaintiff's motion for summary judgment. First, Defendant alleges that Plaintiff received treatment for neck and back pain resulting from his undisclosed 2017 automobile accident, and Plaintiff alleges injuries to his neck and back resulting from the allision in the present case. Second, Plaintiff denied having back, neck, wrist, or hand injuries in two separate pre-employment physicals after the allision. Third, Plaintiff did not begin to receive treatment for his injuries until about 3 months after the allision. Finally, Plaintiff did not report his allegedly work-related injury from the allision until ten months after it occurred.

Although Plaintiff is only required to show that an incident occurred in which he was injured or that a pre-existing condition manifested while in the service of the M/V *Miss Rachel*, the aforementioned facts show that genuine factual issues remain as to whether the allision caused Plaintiff's injuries or whether Plaintiff's injuries manifested during the voyage. Thus, Plaintiff has failed to show entitlement to judgment as a matter of law on his maintenance and cure claim.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Roin Christopher Richard's *Motion for Partial Summary Judgment* **(Rec. Doc. 26)** is **DENIED**.

New Orleans, Louisiana, this 8th day of October, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE